UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| GARY ALAN MONTGOMERY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:25-CV-309-DCLC-CHS |
| | ) | | |
| BRENT COBBLE, TENNESSEE | ) | | |
| DEPARTMENT OF CORRECTION, | ) | | |
| BLEDSOE COUNTY CORRECTIONAL | ) | | |
| COMPLEX, BLEDSOE COUNTY | ) | | |
| SHERIFF'S DEPARTMENT, OFFICER | ) | | |
| ROSARIO, CAPTAIN MUSSAREA, | ) | | |
| INMATE ANTHONY HENDLEY, and | ) | | |
| UNKNOWN LIGHT SKINNED BLACK | ) | | |
| MALE INMATE ACCUSED, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Bledsoe County Correctional Complex ("BCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an attack on him by two inmates [Doc. 1] and a motion for enlargement of time to file *in forma pauperis* documents [Doc. 6]. As Plaintiff has now paid the filing fee, his motion regarding *in forma pauperis* documents [*Id.*] is **DENIED as moot**. Also, for the reasons below, this action will be **DISMISSED**.

I.   **LEGAL STANDARD**

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.  ALLEGATIONS

After Defendant Rosario allowed two inmates, specifically Defendants Hendley and "Unknown Light Skinned Black Inmate" ("Defendant Unknown"), to enter Plaintiff's cell, the inmates attacked Plaintiff and took his commissary items [Doc. 1 p. 2, 3, 8–9]. Plaintiff seeks to hold Defendant Rosario liable for this attack because this Defendant "work[ed] in tandem with his fellow bad actors . . . [and] participat[ed] in the bad acts with the assailants and robbers" [*Id.* at 3]. Plaintiff also seeks to hold Defendant Rosario liable by asserting that he failed to "provide and maintain a safe living environment . . . [by] intentionally letting in the assailants" [*Id.*].

Plaintiff adds that Defendant BCCX Warden Cobble is liable for "his staff's actions" and his subsequent failure to "remedy the situation" by providing Plaintiff access to law enforcement, investigating the incident, or reporting the incident to his superiors [*Id.*].

Plaintiff seeks to hold Defendant TDOC liable under § 1983 for its alleged failure to properly train its officers regarding providing a safe environment or initiating "charges and further process," including investigations after criminal acts in a manner that is negligent [*Id.*].

As to Defendant Mussarea, Plaintiff states that this Defendant arrested him and placed him in handcuffs after the incident, rather than initiating an investigation and recovering Plaintiff's personal property [*Id.*]. Plaintiff further claims that this Defendant likewise failed to contact law enforcement or otherwise allow Plaintiff to seek prosecution of his attackers and failed to provide Plaintiff the name of his attackers [*Id.*].

Plaintiff also claims that he contacted the Bledsoe County Sheriff to investigate the incident, but the Sheriff did not initiate that investigation or otherwise contact Plaintiff [*Id.* at 4].

Plaintiff has sued BCCX Warden Brent Cobble, the TDOC, the BCCX, the Bledsoe County Sheriff's Department, BCCX Officer Rosario, BCCX Captain Mussarea, and Inmates Hendley and "Accused Unknown Light Skinned Black Male" [*Id.* at 1, 2]. Plaintiff requests declaratory and injunctive relief, compensatory damages, exemplary damages, and special damages [*Id.* at 4].

### III. ANALYSIS

#### A. TDOC, BCCX, and Bledsoe County Sheriff's Department

First, neither the TDOC, the BCCX, or the Bledsoe County Sheriff's Department is an entity subject to suit under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and not a "person" within meaning of § 1983); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"; *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee

3

Case 1:25-cv-00309-DCLC-CHS   Document 9   Filed 10/16/25   Page 3 of 9   PageID #: 42

federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citation omitted)).

**B.      Defendants Hendley and Unknown Inmate**

As discussed above, in his complaint, Plaintiff seeks relief under § 1983 based on his allegations that two inmates — Defendants Hendley and Unknown Inmate, attacked and robbed him after Defendant Rosario allowed these inmates to enter his cell [*Id.* at 2–3, 8–9]. That said, Plaintiff provides no facts from which the Court can plausibly infer that either Defendant Hendley or Defendant Unknown Inmate was acting under color of state law in attacking or robbing him. While Plaintiff makes general statements asserting that these inmates' assault and/or robbery of him was pursuant to a conspiracy and/or "in tandem" with Defendant Rosario, Plaintiff provides no facts to support these allegations, and they are therefore conclusory and fail to state a plausible § 1983 claim. *Iqbal*, 556 U.S. at 678; *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987) (providing that conspiracy claims must be pled with some specificity and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim").

**C.      Official Capacity § 1983 Claims**[1]

Plaintiff's official capacity claims against the individual Defendants are against the TDOC, as it is Defendants' employer. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But as set forth above, Defendant TDOC is not an entity subject to suit under § 1983.

---

[1] While it is Plaintiff's duty to plead the capacity in which he is suing Defendants, *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), Plaintiff does not state in his complaint whether he sues Defendants in their individual or official capacities. The Court therefore presumes Plaintiff sued them in their official capacities. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Nevertheless, the Court will also address whether Plaintiff's complaint states a plausible claim against the individual Defendants in their individual capacities.

4

### D. Individual Capacity § 1983 Claims

#### 1. Investigation and Prosecution

First, Plaintiff's allegations that Defendants Rosario, Cobble, and Mussarea failed to investigate the attack on him or allow him to prosecute his attackers fail to allege a plausible constitutional violation, as Plaintiff does not have a constitutional right to an investigation or to ensure his attackers are prosecuted. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")))). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.

#### 2. Arrest and Handcuffs

Plaintiff's only remaining allegation against Defendant Mussarea is that this Defendant arrested him and placed him in handcuffs [*Id.* at 3]. But Plaintiff provides no facts about these acts from which the Court can plausibly infer they support a § 1983 malicious prosecution claim or otherwise violated Plaintiff's constitutional rights. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (providing that plaintiff alleging malicious prosecution must establish that the criminal prosecution lacked probable cause, among other things).

Moreover, to the extent that Plaintiff challenges pending charges or criminal convictions against him due to Defendant Mussarea arresting him, the complaint does not set forth facts suggesting that the Court could consider any such claims at this time. Plaintiff may raise his claims challenging any pending state charges against him in that state prosecution, which would implicate important state interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution

5

against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum). Nor does Plaintiff set forth any facts suggesting that a court has invalidated any conviction that resulted from this arrest. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (providing that a plaintiff cannot obtain any monetary compensation for a criminal judgment unless he can show that the relevant conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that a § 1983 action challenging an underlying conviction or sentence "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

### 3. Supervisory Liability Claims

As to Defendant Cobble, Plaintiff's remaining allegations show that Plaintiff seeks to hold him liable under § 1983 based on his supervisory position. But such allegations do not plausibly allege a violation of § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a plausible § 1983 claim); *Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

### 4. Failure to Protect and Participation in Robbery/Attack

Plaintiff's only remaining federal claims are that Defendant Rosario (1) failed to protect

him from the robbery and attack and/or (2) participated in the robbery or attack, seemingly through a conspiracy. Plaintiff specifically states as follows regarding Defendant Rosario:

> Officer Rosario is charged with conspiracy to assist vice lord gang members by working in tandem with his fellow bad actors. He is also charged with participating in the bad acts with the assailants and robbers which makes him equally culpable for the group's criminal conduct including; Conspiracy, Assault, Robbery, Theft, Kidnapping, False Imprisonment, and Extortion.
>
> Rosario also has a duty of care to provide and maintain a safe living environment. As an Officer, Rosario's conduct displays a failure of his duty of care he holds of the inmates under his watch to provide that safe environment, he himself in-fact breached that safety by letting in the assailants. It also represents intentional misconduct and dereliction of duty charges and bringing on intentional infliction of emotional distress and negligence in the poor performance of his duties. Knowing his group's actions to be felonies and not taking any action to stop it, prevent it, or report it to a superior authority also demonstrates a charge of mispris[i]on of felony.

[*Id.* at 3]. Also, in the grievance Plaintiff attached to his complaint, he alleges only that Defendant Rosario "participated" in the robbery of his food by unlocking his door and allowing the two inmates in [*Id.* at 8–9].

The Court takes judicial notice that, at all times relevant to this action, Plaintiff was a convicted prisoner.[2] Thus, Plaintiff's failure to protect claim against Defendant Rosario falls under the Eighth Amendment. *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 599 (6th Cir. 2025) ("Corrections officers must protect convicted prisoners from harm under the Eighth Amendment, and they must protect pretrial detainees from harm under the Due Process Clause.") (citation omitted). The Eighth Amendment's prohibition on "cruel and unusual punishment . . . imposes duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). One of those duties requires prison officials to "take reasonable measures to guarantee the safety of" prisoners. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–27 (1984)).

---

[2] https://foil.app.tn.gov/foil/details.jsp (last visited Sept. 30, 2025).

Yet not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to establish a failure-to-protect claim, "the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations omitted) (alteration in original).

Plaintiff provides no facts to support a plausible inference that Defendant Rosario was aware of any risk to Plaintiff from allowing the two prisoners to enter Plaintiff's cell. So the complaint does not allow the Court to plausibly infer that his act of opening Plaintiff's cell door rose to the level of a constitutional violation.

Also, while Plaintiff seems to imply that Defendant Rosario somehow participated in the attack and robbery underlying his complaint, Plaintiff never specifically alleges that Defendant Rosario personally assaulted or robbed him, nor does he set forth facts allowing the Court to plausibly infer that this occurred. And it is apparent that, if that were the case, Plaintiff would have stated it clearly in his complaint. *Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) ("when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist" (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976))). Instead, it is apparent from reading Plaintiff's allegations as a whole that Plaintiff seeks to hold Defendant Rosario liable for the acts of the two inmates who attacked and robbed him based on the alleged "conspiracy" between Defendant Rosario and the inmates, in support of which he also sets forth no facts, as the Court noted above. *Iqbal*, 556 U.S. at 678; *Gutierrez,* 826 F.2d at 1538–39.

In short, the complaint provides no facts from which the Court can plausibly infer Defendant Officer Rosario failed to protect Plaintiff from the attack on him by two inmates or participated in any conspiracy to rob or attack Plaintiff, or that he otherwise may be liable for this attack under § 1983.

5.  **State Law Claims**

Because the Court dismisses Plaintiff's federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims by dismissing these claims without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

IV. **CONCLUSION**

For the reasons set forth above:

1.  Plaintiff's motion for enlargement of time to file *in forma pauperis* documents [Doc. 6] is **DENIED as moot**;

2.  Even liberally construing the complaint for Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

3.  Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge